WATKINS, Judge.
The plaintiff, Ann Mexic, appeals the annulment of a writ of garnishment upon the proceeds of her ex-husband’s monthly disability insurance payments. We affirm.
On March 23,1992, a judgment of partition in the proceedings entitled “Simon Mexic v. Ann Mexic” wherein the community property of the parties was partitioned and Ann Mexic was awarded an equalization payment of $323,054.80, became final in the Louisiana Fourth Circuit Court of Appeal.
On May 5,1992, Ann Mexic filed a petition to make judgment executory, and for garnishment under writ of fieri facias. in the Nineteenth Judicial District Court, Parish of East Baton Rouge, in the matter entitled “Ann Mexic v. Simon Mexic.”[1] Judgment was signed making the judgment of partition executory, and ordering that a writ of fieri facias issue, seizing the property of the judgment debtor, Simon Mexic, in the possession of Great-West Life Assurance Company (Great-West), which was cited as garnishee.
On June 16, 1992, Great-West filed an amended answer to the garnishment interrogatories propounded by Ann Mexic, stating in part that:
Simon Mexic is the recipient of one disability income insurance policy administered by Great-West Life Assurance Company. Claims for Policy #7477231 have also been paid monthly since December 23, 1987. Mr. Mexic receives $2,040 per month....
On June 25, 1992, Simon Mexic filed a motion and order for rule nisi, arguing that the proceeds of the Great-West policy are exempt from seizure under LSA-R.S. 22:646. On July 8, 1992, Ann Mexic filed a rule to show cause requesting that Great-West show *19 cause why judgment should not be entered against it and in her favor, ordering Great-West to remit to her monthly the funds belonging or due to Simon Mexic under the disability income policy, for so long as Simon Mexic remains disabled and entitled to receive same, or for so long as money is owed to Ann Mexic by Simon Mexic and until her judgment against him is satisfied, which ever first occurs. Great-West accepted service of the rule by affidavit, waiving formal citation, service of process, all delays, notice of trial and appearance at trial. Great-West further affirmed that “it has no opposition to Ann Mexic’s Rule to Show Cause, ... and that it will comply with whatever order this Honorable Court makes and directs to it.”
Ann Mexic also filed exceptions of no cause of action, no right of action, and unauthorized use of summary proceeding regarding Simon Mexic’s Motion.[2]
All the pending motions and exceptions were heard by the court on September 4, 1992. The court denied Mrs. Mexic’s exceptions and vacated its previous writ of garnishment finding that the funds which Great-West distributes to Mr. Mexic are exempt from seizure under the provisions of LSA-R.S. 22:646.
Mrs. Mexic appealed the judgment alleging several procedural errors as well as error in the trial court’s interpretation of LSA-R.S. 22:646. Because we find the statute applicable on its face and because Mr. Mexic has not appealed the denial of his requested damages and attorney’s fees for wrongful seizure, we pretermit any discussion of the alleged procedural errors with regard to Mr. Mexic’s participation in these proceedings.
LSA-R.S. 22:646 provides that:
The proceeds or avails of all contracts of health and accident insurance and of provisions providing benefits on account of the insured’s disability which are supplemental to life insurance or annuity contracts heretofore or hereafter effected shall be exempt from all liability for any debt of the insured, and from any debt of the beneficiary existing at the time the proceeds are made available for his use.
LSA-R.S. 22:6(2) of the Louisiana Insurance Code defines “health and accident” insurance as “[ijnsurance against bodily injury, disablement or death by accident and against disablement resulting from sickness and every insurance appertaining thereto.” Based upon the clear wording of the statutes, we conclude that a policy of disability insurance is health insurance within the meaning of LSA-R.S. 22:646 and is therefore exempt from seizure.[3]
For the reasons set forth, we affirm the judgment of the trial court. All costs of this appeal are assessed to appellant, Ann Mexic.
AFFIRMED.

. Because the garnishee, Great-West Life Assurance Company, is a foreign insurance company, venue of the garnishment proceeding under writ of fifa is East Baton Rouge Parish, Louisiana. LSA-C.C.P. art. 2416.

. The record before us does not contain a copy of these pleadings; however, the court minutes and the judgment of the court signed September 9, 1992, indicate that the exceptions were considered and denied by the court.

. The trial court concluded that the exemption in LSA-R.S. 22:646 applied to the disability policy because the policy was purchased in conjunction with a policy of life insurance and was therefore supplemental to the life insurance as defined by LSA-R.S. 22:646. These findings were based upon the testimony of Mr. Mexic, to which the plaintiff objected. Because we find the disability policy is health insurance within the meaning of LSA-R.S. 22:646, we need not and do not rely on Mr. Mexic's testimony regarding the policy.